# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **MELVIN LYNN JOHNSON, JR.** | **CIVIL ACTION NO. 18-811-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **WARDEN JERRY GOODWIN** | **MAGISTRATE JUDGE HORNSBY** |

## MEMORANDUM ORDER

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Melvin Lynn Johnson, Jr., pursuant to 28 U.S.C. §2254. This petition was received and filed in this court on June 18, 2018. Petitioner is incarcerated in the David Wade Correctional Center in Homer, Louisiana. He names Warden Jerry Goodwin as respondent.

On August 20, 2003, Petitioner was convicted of one count of armed robbery in the Louisiana First Judicial District Court, Parish of Caddo. Subsequently, he was adjudicated a third felony offender and sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. On November 23, 2004, the Louisiana Second Circuit Court of Appeal affirmed his conviction, set aside his adjudication as a habitual offender, and remanded the case to the trial court for the purpose of reopening the habitual offender hearing. State v. Johnson, 887 So.2d 751, 38,927 (La. App. 2 Cir. 11/23/04). On February 2, 2005, the trial court adjudicated Petitioner a second felony offender and sentenced him to 70 years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.

The court cannot determine the precise grounds Petitioner is raising in support of his application.

Furthermore, Petitioner must demonstrate that he has exhausted state court remedies with respect to the claims he raises in this petition. In order to satisfy the exhaustion requirement, the claim must be presented to the state's highest court, even when review by that court is discretionary. Magouirk v. Phillips, 144 F.3d 348 (5th Cir. 1998); O'Sullivan v. Boerckel, 526 U.S. 838, 119 S.Ct. 1728, 1732-33 (1999). In Louisiana, the highest court is the Supreme Court of Louisiana. Petitioner fails to demonstrate that he presented his claims he attempts to present herein to the Supreme Court of Louisiana. Therefore, Petitioner should be required to submit documentary proof that he has exhausted state court remedies on the claims he attempts to present herein.

It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983). This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438, 443 (1971); Shute v. Texas, 117 F.3d 233 (5th Cir. 1997). Additionally, under 28 U.S.C. §2254(b)(1)(A)[1] the district court is precluded from granting habeas relief on an unexhausted claim.

---

[1] §2254 provides, in pertinent part:

When state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims. Sones v. Hargett, 61 F.3d 410 (5th Cir. 1995). Assuming state procedural bars operate as independent and adequate state grounds, the procedural default doctrine applies, and federal review is barred unless petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Sones v. Hargett, 61 F.3d at 418, citing Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991).

Petitioner must demonstrate cause for any failure to present his claims to the appropriate state courts and actual prejudice as a result of the alleged assignments of error or demonstrate that this court's failure to consider the claims will result in a fundamental miscarriage of justice.

Accordingly,

**IT IS ORDERED** that Petitioner submit within thirty (30) days from the date of this order, the grounds he raises in support of his application for writ of habeas corpus. These grounds should be numbered.

**IT IS FURTHER ORDERED** that Petitioner submit within thirty (30) days from the date of this order, a copy of the legal memorandum he filed at each level of the state

---

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court **shall not be granted unless** it appears that--
(A) **the applicant has exhausted the remedies available in the courts of the State;**

courts and the date that it was filed and the responses he received from each state court in order to demonstrate that he has presented the issues he attempted to raise herein to the Supreme Court of Louisiana.

**IT IS FURTHER ORDERED** that Petitioner submit within thirty (30) days from the date of this order a written response showing cause and actual prejudice or demonstrating that this court's failure to consider his claims will result in a fundamental miscarriage of justice if any of his claims appear to be procedurally barred.

**Failure to comply with this order or failure to keep the court apprised of an address change will result in dismissal of this petition pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.3W of the Uniform Local Rules for the District Courts of Louisiana.**

**THUS DONE AND SIGNED** in Chambers at Shreveport, Louisiana, this 6th day of September 2018.

Mark L. Hornsby
U.S. Magistrate Judge